IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THURMOND ALLEN, JR.,** | : | CIVIL ACTION NO. 1:24-CV-1536 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS,** *et al.*, | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 5th day of November, 2024, upon review of plaintiff's applications for leave to proceed *in forma pauperis*, and further upon review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Plaintiff's applications for leave to proceed *in forma pauperis*, (Docs. 11, 13), are GRANTED.

2. Plaintiff shall pay the full filing fee of $350.00 based on the financial information provided in the application to proceed *in forma pauperis*. The full filing fee shall be paid regardless of the outcome of the litigation. Pursuant to 28 U.S.C. 1915(b)(1) and (2), the Superintendent/Warden, or other appropriate official at plaintiff's place of confinement, is directed to deduct an initial partial filing fee of 20% or the greater of:

    a. The average monthly deposits in the inmate's prison account for the past six months, or

    b. The average monthly balance in the inmate's prison account for the past six months.

    The initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, 235 N. Washington Avenue, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number. In

       each succeeding month, when the amount in plaintiff's inmate trust fund account exceeds $10.00, the Superintendent/Warden, or other appropriate official, shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to plaintiff's inmate trust fund account until the fees are paid.  Each payment shall reference the above-captioned docket number.

3. The Clerk of Court is DIRECTED to send a copy of this order to the Superintendent/Warden of the institution where plaintiff is presently confined.

4. Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice except to the extent that it asserts deliberate indifference, negligence, and malpractice claims against defendant Smith.

5. Plaintiff may file an amended complaint on or before **December 5, 2024**, to cure the deficiencies identified in the court's memorandum opinion.  Any amended complaint filed pursuant to this order shall be filed to the same docket number as the instant action, shall be entitled "Amended Complaint," and shall be complete in all respects.  It shall be a new pleading that stands by itself as an adequate complaint under the Federal Rules of Civil Procedure.

6. If plaintiff does not file an amended complaint by the above date, the original complaint will remain the operative pleading, plaintiff's claims against all defendants other than defendant Smith will be dismissed without further leave to amend for the reasons stated in the accompanying memorandum, and this case will proceed solely as to plaintiff's deliberate indifference, negligence, and malpractice claims against Smith.

7. Service of process on defendant Smith will be deferred pending the possible filing of an amended complaint.

                                      /S/ CHRISTOPHER C. CONNER
                                      Christopher C. Conner
                                      United States District Judge
                                        Middle District of Pennsylvania