UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THURMOND ALLEN, | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:24-1536 |
| v. | : | (JUDGE MANNION) |
| WELLPATH LLC, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983 in which plaintiff alleges that defendants violated his civil rights by providing deficient dental care for a fractured tooth. The case is before the court for resolution of defendant Wellpath LLC's motion to dismiss based on the terms of its bankruptcy reorganization in the United States Bankruptcy Court for the Southern District of Texas. The court has reviewed the motion to dismiss and additionally screened the claims asserted against all other defendants pursuant to 28 U.S.C. §1915A(a) and 28 U.S.C. §1915(e)(2)(B)(ii). For the reasons that follow, the claims against Wellpath are dismissed without prejudice to plaintiff's right to seek appropriate relief in the bankruptcy court, and all other claims in the case are dismissed with

prejudice with the exception of plaintiff's deliberate indifference, malpractice, and negligence claims against defendant Smith.

I. **BACKGROUND**

Plaintiff, Thurmond Allen, filed this case on September 10, 2025. (Doc. 1). The case was initially assigned to United States District Judge Christopher C. Conner. On November 5, 2024, Judge Conner dismissed all claims in the original complaint except plaintiff's deliberate indifference, malpractice, and negligence claims against Smith without prejudice to plaintiff amending the dismissed claims. (Docs. 16-17). Judge Conner concluded: (1) that any claims asserted against the Pennsylvania Department of Corrections and its subsidiary prisons were not cognizable because the DOC is not a person subject to suit under Section 1983; (2) that the claims against Wellpath failed because Allen did not allege any Wellpath policy that caused the alleged civil rights violations; (3) that the claims against the dentist defendants failed except to the extent that the complaint asserted deliberate indifference, malpractice, and negligence claims against Smith; (4) that the claims against other dental professionals failed because the complaint alleged their mere presence during the dentists' allegedly wrongful actions; (5) that the claims against correctional officer Easterday were plainly meritless as alleged; and (6) that the claims

against all other defendants failed to state a claim because Allen had not alleged their personal involvement. (Doc. 16).

Allen timely filed an amended complaint on December 2, 2024. (Doc. 20). The case was reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement from the court. On December 27, 2024, Wellpath filed a suggestion of bankruptcy and notice of stay, based on its filing for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas. (*Id.*) (Doc. 26 at 3). The court granted the motion to stay on February 6, 2025, and stayed and administratively closed the case. (Doc. 30).

On May 15, 2025, Wellpath informed the court that it had emerged from bankruptcy protection, that the automatic bankruptcy stay no longer applied to this case, and that it would subsequently move for discharge of the claims against it pursuant to the reorganization plan approved by the bankruptcy court. (Doc. 31). Wellpath filed a motion to dismiss on June 23, 2025, and filed a brief in support of the motion on July 30, 2025. (Doc. 36). Wellpath notes that under the reorganization plan approved by the bankruptcy court, it is discharged from personal injury actions arising from conduct that occurred prior to the date of the bankruptcy filing. (Doc. 33 at

5-7). Allen has not responded to Wellpath's motion to dismiss, and the deadline for doing so has expired under the Local Rules. M.D. Pa. L.R. 7.6.

**II.  DISCUSSION**

At the outset, the court will grant Wellpath's motion to dismiss. Although Wellpath did not file its supporting brief within fourteen days of the motion as required by Local Rule 7.5, the court will excuse this noncompliance with the Local Rules because the reasons for Wellpath's motion are clearly explained in the motion and because the reorganization plan approved by the bankruptcy court clearly requires the claims against Wellpath to be dismissed. (*See* Doc. 33-1 at 130-37).[1]

Although Wellpath is the only party that has moved to dismiss the complaint, the court has screened the claims against all other defendants pursuant to 28 U.S.C. §1915A(a) and 28 U.S.C. §1915(e)(2)(B)(ii)[2]

---

[1] It appears that Allen may be able to seek relief in the bankruptcy court from the liquidating trust that has assumed Wellpath and the related debtors' liabilities. (*See* Doc. 33 ¶13). The dismissal of the claims against Wellpath is without prejudice to Allen seeking such relief.

[2] 28 U.S.C. §1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   **(A)** the allegation of poverty is untrue; or
   **(B)** the action or appeal—

because Judge Conner previously dismissed all claims in the case except the deliberate indifference, malpractice, and negligence claims against defendant Smith following a screening review of the original complaint.

Having reviewed the amended complaint, the court finds that it is essentially unchanged from the original complaint,[3] with nothing added

---

>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915A provides:

> **(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>    **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>    **(2)** seeks monetary relief from a defendant who is immune from such relief.

[3] Because the substance of the claims in the original complaint have not been amended in any way, the court declines to summarize the allegations in the amended complaint in the interest of judicial economy. A succinct summary of plaintiff's allegations and claims can be found in Judge Conner's memorandum and order addressing the original complaint. (*See* Docs. 16-17).

other than conclusory assertions of defendants' liability, conclusory assertions of the pain plaintiff experienced, and expanded facts as to what was said in the responses denying Allen's grievances and related appeals.[4] The amended complaint also alleges additional incidents that occurred during and after August of 2024, which were not alleged in the original complaint. (*See* Doc. 20 ¶¶ 180-313).

None of the additional allegations alter Judge Conner's conclusions that the DOC and its subsidiaries cannot be sued under Section 1983, that Allen has not alleged wrongdoing by any medical professionals other than Smith, that the claims against Easterday are plainly meritless, and that the supervisory defendants and defendants who responded to Allen's grievances are not personally involved in the alleged civil rights violations. Thus, because Allen has failed to cure the pleading deficiencies Judge Conner previously identified, the court will dismiss the previously existing

---

[4] (*See, e.g.*, Doc. 20 ¶33 ("At all relevant times herein, defendants were 'persons' for the purposes of 42 U.S.C. Section 1983 who acted and continued to act under the statutes, customs, ordinances and usages of the Commonwealth of Pennsylvania (color of state law) to deprive the plaintiff of his guaranteed constitutional and statutory rights, immunities and privileges, as set forth more fully below."); *see also, e.g., id.* ¶¶40, 44, 47, 50, 52, 55-60, 62-66, 69, 71, 74, 76-80, 84, 94, 97, 99-114, 117, 120, 124-25, 127, 133-46, 151, 153, 158, 169-71, 178),

claims with prejudice except to the extent that Allen alleges deliberate indifference, malpractice, and negligence by Smith.

The additional claims arising from incidents that allegedly occurred during and after August 2024 are also subject to dismissal. To begin, most of the additional claims are properly understood as supplemental claims, rather than amendments to the original complaint, because they are based on alleged facts that occurred after the filing of the original complaint. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("[R]ather than set forth additional events that occurred before the original complaint was filed, as does a Rule 15(a) amendment, a supplemental pleading under Rule 15(d) presents more recent events."). Allen did not obtain leave of the court to file these supplemental claims, and a party must always obtain leave of the court before it may file supplemental claims. *See* Fed. R. Civ. P. 15(d) (noting that leave to supplement may be granted "on motion and reasonable notice"); *Cook v. Condo*, No. 1:21-CV-361, 2021 WL 5579706, at *3 n.2 (M.D. Pa. Nov. 30, 2021) (Rambo, J.) (citing *Mallinckrodt v. E-Z-EM Inc.*, 671 F. Supp. 2d 563, 569 (D. Del. 2009)).

Even if Allen had obtained leave to file these supplemental claims, however, they would still fail to state a claim upon which relief could be granted. The new claims allege that Easterday verbally harassed Allen, that

dental professionals treated Allen during several appointments but failed to provide dental floss and other materials, that defendants placed Allen in the restricted housing unit ("RHU") based on falsified allegations that Allen threatened Easterbrook, and that other defendants responded to grievances and associated appeals about these incidents. (*See* Doc. 20 ¶¶180-313). Except for the claim arising from Allen's placement in the RHU, these claims suffer from the same defects that caused the court to dismiss Allen's earlier claims: there are no allegations of wrongdoing by Easterday or the dental professionals that are sufficient to state a claim and the other defendants cannot be deemed personally involved in the alleged civil rights violations merely by responding to grievances.

As for the claim that Allen was placed in the RHU, Allen alleges that defendant McGurl falsified allegations of a threat by Allen but does not allege any causal connection between this action and Allen's earlier complaints about Easterday. (*See* Doc. 20 ¶¶ 238-46). The amended complaint simply alleges that McGurl investigated the underlying incident and concluded that Allen threatened Easterday and then speculates that McGurl reached this conclusion in retaliation. (*See id.*) The amended complaint accordingly fails to state a retaliation claim upon which relief may be granted arising from Allen's placement in the RHU. *See Mitchell v. Horn*,

318 F.3d 523, 530 (3d Cir. 2003) (noting that claims of retaliation require allegations of constitutionally protected conduct, retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and a causal connection between the two).

Thus, because Allen's amended complaint continues to fail to state a claim upon which relief may be granted except to the extent that it asserts deliberate indifference, malpractice, and negligence claims against defendant Smith, the court will dismiss all other claims in the case. Before dismissing a civil rights claim for failure to state a claim, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Here, leave to amend the dismissed claims will be denied as futile. Allen has had multiple opportunities to state a claim upon which relief may be granted and has failed to do so.

### III.  CONCLUSION

For the foregoing reasons, defendant Wellpath's motion to dismiss is granted, the claims against Wellpath are dismissed without prejudice to Allen's right to seek appropriate relief in the United States Bankruptcy Court for the Southern District of Texas, and all other claims in the case are dismissed with prejudice with the exception of plaintiff's deliberate

indifference, malpractice, and negligence claims against defendant Smith. The court will additionally order service of process on defendant Smith. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: August 20, 2025**
24-1536-01